UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SUSAN PERDUE,

        Plaintiff,

v.                                                                                    Case No.  1:12-cv-229-GRJ

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff's Petition For Attorney Fees Pursuant to the Equal Access to Justice Act. (Doc. 30.) The Commissioner has filed a response in opposition (Doc. 31) and, accordingly, this matter is ripe for review. For the reasons discussed below, Plaintiff's Petition For Attorney Fees Pursuant to the Equal Access to Justice Act is due to be **GRANTED** as specified in this order.

## DISCUSSION

Plaintiff requests an award of attorney's fees in the amount of $9.950.00 to be paid directly to Plaintiff's attorney calculated at the rate of $250.00 per hour for 39.8 hours of work. The total for attorney services is confirmed by the affidavit of attorney's time attached to the motion. Plaintiff asserts that he is the prevailing party in this litigation, and that the Commissioner's position in the underlying action was not substantially justified. Plaintiff also states that Plaintiff's net worth at the time the

proceeding was filed was less than two million dollars.[1] On December 13, 2013, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 28.) On December 16, 2013 the Clerk entered judgment. (Doc. 29.) On January 13, 2014, Plaintiff timely filed here petition for attorney's fees.[2]

The Commissioner responded to Plaintiff's petition for EAJA fees on January 28, 2014, objecting to the petition on two grounds. (Doc. 31.) First, the Commissioner argues that Plaintiff is not entitled to an hourly rate of $250.00 under the EAJA. Secondly, the Commissioner argues that 39.8 hours is excessive and therefore the Court should reduce the award to a lesser and more reasonable number.

The Court will address first the requested hourly rate of $250.00 an hour. While the Court has no reason to believe that Plaintiff's well qualified counsel in this case charges less than $250.00 per hour, under the EAJA the determination of the appropriate hourly rate is not determined solely by the market rate in the community but rather by the formula set out in the EAJA.

To be sure, the EAJA on the one hand is a fee-shifting statute intended to encourage private litigation implementing important public policies. Its express provision

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

[2] (Doc. 30.) Plaintiff must file an application for fees and other expenses within thirty (30) days of the "final judgment" in the action, which is defined as a judgment that is "final and not appealable." 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G). According to the Federal Rules of Appellate Procedure, the judgment becomes "final" upon the expiration of the sixty (60) day period following judgment within which the Commissioner may appeal. *See* FED. R. APP. P. 4(a)(1)(B).

granting courts the discretion to implement upward adjustments to account for inflation demonstrates the Congressional intent that the EAJA's "maximum" statutory rates should be—subject to the Court's discretion—adjusted over time. The EAJA is, therefore, designed to provide private individuals with "equal access" to the judicial system where it is necessary to enforce important rights against the government and by its express terms is designed to adjust over time consistent with increased costs of living. It is not, however, designed to be pegged to a rate equal to the prevailing market rate.

As such the calculation of fees under the EAJA does not involve simply the determination of the current market rate but rather involves a two-step process.[3] The first step in the analysis is to determine the prevailing market rate for the kind and quality of services furnished.[4] The second step - which is necessary only if the prevailing market rate is greater than the $125.00/hr statutory ceiling - is to determine whether the court should adjust the hourly rate upward from the ceiling to take into account an increase in the cost of living or a special factor. The fact that Plaintiff's counsel charges $250.00 per hour is only relevant to whether the market rate is more than $125.00 per hour and not to what should be the cap for the hourly rate. That cap already has been set by Congress at the rate at $125.00 per hour, subject to an increase for the cost of living. However, in the current legal market - in Gainesville or anywhere else in Florida - there is no serious dispute that the prevailing hourly rate for

---

[3] *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1345 (M.D. Fla. 2002)(*citing Meyer* at 1033-34).

[4] *Id.*

lawyers practicing in federal court is well in excess of $125.00 per hour. Thus, under the EAJA once the Court determines that the market rate is more than $125.00 per hour the Court does not then need to determine what is the prevailing market rate. Rather, the Court is only required to determine whether to adjust the rate based upon an increase in the cost of living index.[5]  While applying cost-of-living adjustments to petitions for EAJA fees is in the discretion of the Court, the Eleventh Circuit has instructed that this application is "next to automatic." *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992).

Therefore, Plaintiff's request for fees at an hourly rate of $250.00 per our is due to be denied and instead Plaintiff is entitled to an hourly rate of $184.32 for services performed in 2012 and an hourly rate of $186.55 for services performed in 2013. These rates –  which reflect an increase in the cost of living index –  are consistent with the EAJA and are the appropriate rates to be applied to attorney's fees for the calendar years 2012 and 2013.[6]

Turning to the number of hours requested by Plaintiff, the Commissioner points to *Jackson v. Astrue*, 2010 WL 2330269, *2 (N.D. Fla. May 11, 2010) in which Magistrate Judge Davis observed that "[T]he usual time spent handling these cases, beginning to end, is twenty-five to thirty hours."  Although Judge Davis' observation is generally accurate, the Court, nonetheless, has an obligation in each case to review the reasonableness of the hours requested by counsel. As Judge Davis recognized there

---

[5] *Id.*

[6] The Commissioner does not object to these hourly rates and the rates appear to be consistent with the calculation approved by the Court in *Gates*, 325 F. Supp. 2d at 1347-48.

are cases that require less or more then twenty-five to thirty hours based upon the issues litigated and the particular proceedings. Some cases may not require a lot of work because the decision of the ALJ is so deficient reversal is almost a foregone conclusion. On the other hand, there are those cases involving difficult and complex factual and legal issues that require more work and certainly involve a higher risk for counsel taking such a case on a contingency basis.

This case involved an issue that is not frequently litigated in a social security appeal (whether the claimant's due process rights were violated because the ALJ failed to provide post hearing expert medical interrogatory responses to the Plaintiff) with two other issues, which frequently are litigated in social security appeals. This case, therefore, falls closer to those cases involving difficult legal issues, which may require more time than a routine case. Thus, in the Court's view this case reasonably required more than twenty-five to thirty hours to properly litigate.

That does not mean that every hour logged by Plaintiff's counsel should be included in the award. Tasks which are clerical or could be performed by a secretary should not be included in an attorney's fee award. *See, Sage v Massanari*, 155 F. Supp. 2d 1301, 1305 n.7 (M.D. Ala. 2001). "A fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which are mundane, clerical or which did not require the full exercise of an attorney's education and judgment." *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1306 (11th Cir. 1988).

The Court has reviewed the detail of attorney services performed and determines that the following time entries should not be included in the award because

the services involved clerical tasks, and not tasks involving the expertise of an attorney: (1) Sept. 7, 2012 - send client financial affidavit forms (.15 hrs.); (2) December 21, 2012 - calendar deadlines (.15 hrs.); and (3) September 5, 2013 - review clerk's emails (.05 hrs.). The Court determines that the remaining time on the detail of services performed were necessary and reasonable and therefore are due to be included in the award.

The total number of hours calculated by Plaintiff appears to be inaccurate. Plaintiff's counsel represents that in 2012 he spent 2.9 hours on the case and in 2013 he spent 36.9 hours in the case. The itemized detail of attorney services performed in this case, which is attached to Plaintiff's affidavit (Doc. 30, Ex. 2), reflects, however, that in 2012 Plaintiff's counsel spent 1.7 hours and in 2013 he spent 33 hours for a total of 34.7 hours. As discussed above, .3 hours should be deducted from the time spent in 2012 and .05 hours should be deducted for the time spent in 2013. This results in an award of 1.4 hours for services in 2012 and an award of 32.95 hours for 2013. The total award of attorney's fees is therefore 1.4 hours at an hourly rate of $184.32 for 2012 and 32.95 hours at an hourly rate of $186.55 for 2013 for a total attorney's fee award of $6,404.87.[7]

Accordingly, upon due consideration, it is **ORDERED**;

1.  Plaintiff's Petition For Attorney Fees Pursuant to the Equal Access to Justice Act. (Doc. 30) is due to be **GRANTED** as detailed in this order.

2.  Plaintiff is awarded the sum of **$6,404.87** for attorney's fees subject to any offsetting debt owed by the Plaintiff to the United States. Before the Commissioner shall be obligated to pay the EAJA fees, the Commissioner must determine whether Plaintiff owes a debt to the government. In the event the

---

[7] 1.4 hours x $184.32 equals $258.048 and 32.95 hours times $186.55 equals $6,146.8225 for a total of $6,404.8705, which is rounded to $6,404.87.

United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Commissioner must then pay the fees directly to Plaintiff's counsel. Further, because Plaintiff has assigned her EAJA fees to Plaintiff's counsel, any fees or partial fees received by the Plaintiff are to be considered held in trust for, and payable to, Plaintiff's counsel.

**DONE AND ORDERED** in Gainesville, Florida, on January 30, 2014.

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge